## J. L. ONORATO, AGENT, v. MRS. DORA SANCHEZ.

### Syllabus.

1. Under the provisions of Act 112 of 1916, any error or omission in a judicial bond, or deficiency in form or substance, or in the amount thereof, or the solvency of the surety thereon, may be corrected within two days after notice given to the party furnishing such bond; and this is broad enough to allow a correction in any one case where there has been a *bona fide* attempt to furnish a bond and surety according to law.

2. Although an agent cannot make an affidavit for a conservatory writ, unless his principal be absent, yet it is not necessary that the fact of such absence be recited in the affidavit, but such fact may be shown on due hearing.

3. When the tenant abandons the leased premises, the landlord may take possession of and lease the same for account of the tenant so as to reduce the liability of the latter.

Appeal from the Civil District Court, Parish of Orleans, No. 103,264, Division "D"; Honorable Porter Parker, Judge. Affirmed.

Dart, Kernan & Dart, for plaintiff and appellee.

M. C. Scharff and A. B. Leopold, for defendant and appellant.

His Honor, JOHN ST. PAUL, rendered the opinion and decree of the Court, as follows:

Appellee moves to dismiss this appeal on the ground that the solvency of the surety on the appeal bond was not attested by the oath of the appellant; and that although this deficiency was supplied within two days after a rule

taken in the lower Court, yet the want of such an affidavit was not such an insufficiency, error or omission as could be corrected under the provisions of Act 112 of 1916.

But we think it was; a bond with surety was actually furnished, and under Section 3 of said Act any deficiency "either as to form or substance" may be cured two days after notice to the appellant.

This language is broad enough to cover any deficiency where there has been a *bona fide* effort in the first instance to furnish a bond with surety, whatever be the nature of that deficiency whether in form or in substance, and whether relating to the amount of the bond or the solvency of the surety. The motion is therefore denied.

## ON THE MERITS.

Defendant urges that the writ of provisional seizure herein sued out should be dissolved because the agent by whom these proceedings were brought was not authorized to take such proceedings, and because at any rate the affidavit made by him at the time the writ issued does not show that the principal was then absent.

As a matter of fact, it is shown by the evidence that the agent was authorized both orally and in writing to bring this suit, and take all necessary steps to that end; and moreover his actions in the premises have been fully ratified by his principal, who testified in the suit. This ratification was retroactive and bound the principal for anything done by the agent.

It is claimed that the affidavit taken by the agent should have recited that the principal was absent, and reliance is had on *Hawley v. Tarbe*, 14 *La.*, 92.

320

But that case does not decide that such recital must be in the affidavit itself; for it was there decided "on re-hearing" that the principal was present in the parish and the agent could therefore not make the affidavit at all.

On the other hand, in a later case, *Schneider v. Verecker*, 11 *An.*, 274, it was decided point blank that while both the agency and the absence of the plaintiff should be shown on the trial, yet it was not necessary that same should be recited in the affidavit. That case also decides that authority to sue out a writ of provisional seizure might be given orally.

Defendant complains that after she had been forced by the city authorities to vacate because of alleged immoral practices, and after she had in fact vacated said premises without notice to her landlord, the latter took possession of the premises and leased them to another tenant.

But the lease itself in this case, and the law of the State (*Roumage v. Blatrier*, 11 *Rob.*, 101) authorize a landlord, when the tenant has abandoned the premises, to take possession of the abandoned premises and lease them for account of the tenant. And it must be admitted that the proceeding is entirely equitable since it reduces by so much the eventual liability of the tenant.

Defendant finally claims that the lease was null because the landlord knew that the premises were to be used for immoral purposes.

Now, the lease recites that the premises were to be used as a "private residence", and the agent swears that he had no idea that it was to be used for any other purpose. The landlord himself was an absentee for more than fifteen years. And the only person whom defendant charges with knowledge of the immoral purpose, is a brother of the

landlord, who occasionally collected the rent, or was called on about repairs; who never visited the premises more than a few times, and on business only. To supplement this meagre evidence, it is shown that many years before defendant rented the premises, this same brother knew defendant whilst under her maiden name and at another house where she was engaged in immoral practices.

But the premises were not leased to her by the brother, nor did he know until afterwards that the married woman who leased the premises from the agent and the unmarried woman whom he had known were one and the same person; or that the conduct of defendant had not changed after her marriage.

The judgment appealed from is correct.

Judgment affirmed.

Opinion and decree, April 16th, 1917.

Rehearing refused, April 30th, 1917.